UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.:

TRAVELERS PROPERTY
CASUALTY COMPANY
OF AMERICA,

Plaintiff,

vs.

TALCON GROUP, LLC
________________________/

# COMPLAINT

Travelers Property Casualty Company of America ("Travelers") hereby files this its Complaint for Declaratory Relief and states as follows:

## Jurisdictional Allegations

1. Travelers is an insurance carrier authorized to and doing business in the State of Florida.

2. Travelers is incorporated in the State of Connecticut with its principal place of business in Connecticut.

3. Talcon Group, LLC ("Talcon Group") is a limited liability company organized and existing under the laws of Florida. The members of Talcon Group including their citizenship and domicile are as follows:

a. Shannon K. Nesius. Ms. Nesius is a citizen of Florida with her domicile located at 3893 Indian Trail, Destin, Florida 32541.

b. Rick D. Nesius. Mr. Nesius is a citizen of Florida with his domicile located at 3893 Indian Trail, Destin, Florida 32541.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) as it involves citizens of different states and the amount in controversy exceeds the sum of $75,000.00.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391 as the Defendant resides here and a substantial part of the events giving rise to the involved claim occurred within this District. This matter also involves a policy of insurance issued for delivery within this District and the property at issue is located here. Further, the insured/defendant is an LLC whose members are all residents domiciled within this District.

**Factual Allegations**

6. Travelers issued a policy of Commercial Insurance to Talcon Group, Policy No. QT-630-9L0-69473-TIL-19, with effective dates of 10/29/19 to 10/29/20 (also referred to herein as the "Travelers Policy"). This policy of insurance included, *inter alia*, Commercial Inland Marine insurance coverage. (A complete copy of this insurance policy is attached as Ex. "A".)

7. The Policy's Commercial Inland Marine coverage part consists of the Policy Declarations and the Commercial Inland Marine Conditions Forms and Coverage Forms. (See Commercial Inland Marine Coverage Part Declarations attached separately as Ex. "B", pg. 1.)

8. The Travelers Policy contains, in relevant part and in accordance with all its terms, conditions and limitations, the following coverage provision:

> **A. COVERAGE**
>
> We will pay for direct physical loss of or damage to Covered Property from any of the Covered Causes of Loss.

1. **Covered property**

   Covered property as used in this Coverage Part, means:
   * * *

   c. "Installation"

9. "Installation" is a defined term within the policy. It is defined, in relevant part, as follows:

F. DEFINITIONS

* * *

25. Installation means:

Property described in the Declarations under "Installation" owned by you or property of others for which you are legally liable, that you or your subcontractors will install, erect or fabricate at the "job site":

* * *

(See Ex. "A", Inland Marine Coverage Form, pg. 21 of 23.)

10. The property described in the Commercial Inland Marine Coverage Part Declarations under "INSTALLATION" is as follows:

"INSTALLATION"

The property installed consists primarily of:

LOCATION, DESCRIPTION AND COINSURANCE PERCENTAGE

| "Job Site" | Description |
|---|---|
| 2 | UNDERGROUND UTILITY CON-TRACTOR PERFORMING OPERATIONS IN THE STATES |

OF FLORIDA, GEORGIA AND ALABAMA.

11. This description of the property installed by Talcon Group and the nature of its business operations set forth in the declaration page is consistent with the information provided to Travelers during the underwriting process for this risk.

12. The information submitted by Talcon Group and relied upon by Travelers in underwriting and issuing the subject policy represented that Talcon Group was an underground utility contractor.

13. During the policy application process Talcon Group represented that 98 to 99% of its work was underground utility contracting. It represented the remaining 1 to 2% of its work consisted of site development. It also denied that it was performing residential construction work.

14. Talcon Group represented to Travelers in the policy application process that 100% of its work was performed on behalf of municipalities or government entities.

15. None of the information that Talcon Group submitted to Travelers during the policy application and/or underwriting process indicated that Talcon Group was anything other than a underground utility contractor.

16. None of the information or documentation that Talcon Group submitted to Travelers during the policy application and/or underwriting process indicated that Talcon Group performed any residential home building and/or developing.

17. Talcon Group never informed Travelers that its operations included residential home building, construction and/or development.

18. Upon information and belief in or about May of 2020, two (2) residential single-family homes were either damaged or destroyed by a fire more particularly described as the Musset Bayou Wildfire. This fire occurred in Santa Rosa County, Florida

19. Talcon Group submitted an insurance claim under the Inland Marine insurance portion of the Travelers policy for damage to or destruction of the involved single-family homes.

20. Specifically, on or about May 11, 2020 Talcon Group, though its agent, submitted a loss notice to Travelers representing that it “permitted and built” the two (2) described residential single-family “spec”, and that the homes had been destroyed by fire. (See 5/11/2020 ACORD Property Loss Notice attached as Ex “C”.)

21. On or about June 23, 2020, Travelers denied Talcon Group’s claim because the two (2) described residential single-family homes are not Covered Property under the Travelers Policy.

**COUNT I – DECLARATORY JUDGMENT**

22. Travelers readopts and reasserts paragraphs 1 through 21 as if more fully set forth herein.

23. The parties to this cause are currently in doubt as to the respective rights and responsibilities under the Travelers policy of insurance.

24. As stated, Talcon Group has submitted a claim under this policy for damage or destruction by fire of two single family residential homes.

25. Travelers does not believe that such losses are covered under the terms and provisions of the subject policy of insurance and has so advised Talcon Group.

26. Upon information and belief, Talcon Group disputes Travelers' coverage determination and it has and will take the position that the loss of the described single family residential homes is covered by the Travelers policy.

27. There is currently an ongoing and existing controversy between the parties as to the existence of coverage for the described loss(es) under this policy.

28. A judicial determination is necessary at this time so that the parties dispute may be resolved, and the parties may know their respective rights and obligations under this policy of insurance.

Travelers respectfully requests that this Court:

a. Assume jurisdiction over this matter.
b. Determine the rights and obligation of the parties pursuant to the Travelers policy and the at issue losses
c. Issue a declaration that there is no coverage under the Travelers Policy for the loss(es) at issue because the two (2) described residential single-family homes are not Covered Property under the subject policy, and;
d. Grant such other relief that this Court finds just and appropriate.

Wherefore Travelers Property Casualty Insurance Company hereby files this its Declaratory Judgement action and requests that this Court assume jurisdiction over this matter and provide the relief requested herein.

Dated: July 1, 2020

COLE, SCOTT & KISSANE, P.A.
4686 Sunbeam Road
Jacksonville, Florida 32257
Telephone (904) 672-4031
Facsimile (904) 672-4050
Primary e-mail: joe.kissane@csklegal.com
Alternate e-mail: kim.morris@csklegal.com

/s/ Joseph T. Kissane
JOSEPH T. KISSANE
Florida Bar No.: 512966